# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT ASHLAND

CIVIL ACTION NO. 18-58-DLB-EBA

LEWIS BUSTETTER                                                         PLAINTIFF

v.                      **MEMORANDUM ORDER**

CEVA LOGISTICS U.S., INC.                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff Lewis Bustetter's Objections to Magistrate Judge Atkins's December 26, 2018 Memorandum Opinion and Order denying Plaintiff's Motion for Leave to Amend his Complaint.[1] (Doc. # 29). The Defendant having responded to the Objections (Doc. # 31), the matter is now ripe for the Court's review. For the reasons set forth herein, the Objections are **sustained in part** and **overruled in part**. The Motion for Leave to Amend remains **denied**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This Employee Retirement Income Security Act of 1974 ("ERISA") action commenced on May 11, 2018 when Plaintiff Bustetter filed a Complaint alleging that Defendant CEVA failed "to provide requested plan documents relating to employee benefit plans under which Plaintiff was a participant." (Doc. # 1 at 1). Specifically, Bustetter, an employee of CEVA, requested that CEVA, the plan sponsor and administrator, "provide him with copies of the controlling employee benefit plan

---

[1]     The Order also denied Plaintiff's Motion to Stay or Alternatively Amend the Scheduling Order, and Defendant's Motion to Stay. (Doc. # 27 at 7).

documents" for the plans he was a participant in. *Id.* at 2. Despite sending five letters requesting the documents, Bustetter claims he did not receive a response. *Id.* at 3. Thus, Bustetter brought suit under ERISA. *Id.* at 1, 4.

Discovery appears to have proceeded in a timely manner, as required by the Scheduling Order, and the parties filed a required status report on October 31, 2018 at the close of discovery. (Docs. # 11 and 16). That report indicated that the parties were nearing a settlement agreement. (Doc. # 16 at 1). However, the next court filing, Bustetter's Motion for Leave to Amend, indicated that the settlement negotiations had fallen apart. (Doc. # 17 at 2). In fact, Plaintiff moved to amend his Complaint based on a position the CEVA took during settlement negotiations on November 14, 2018 and confirmed on November 19, 2018. *Id.* at 2-4, 6.

Bustetter alleges that CEVA breached its fiduciary duty during settlement negotiations. *Id.* at 2-3. Specifically, Bustetter asserts that the material terms of the settlement negotiations had been agreed to, but then CEVA switched gears. *Id.* at 2-3. He claims CEVA demanded as part of a settlement that Bustetter release his claims against the CEVA Welfare Benefit Plan and the CEVA 401(k) Plan—neither of which are parties to the present action. *Id.* at 2-3, 5. Bustetter alleges that this demand was self-dealing, which is prohibited under ERISA, and, therefore, CEVA breached its fiduciary duty to him. *Id.* at 3.

Mr. Bustetter filed the at-issue Motion in an attempt to add this new breach-of-fiduciary-duty claim to the pending action. *Id.* at 4. After the Motion was fully briefed, (Docs. # 20 and 24), Judge Atkins took the matter under submission. On December 26, 2018, Judge Atkins denied the Motion. (Doc. # 27). Plaintiff Bustetter filed Objections to

the Order (Doc. # 29) and CEVA filed a Response in opposition to his Objections. (Doc. # 31).

## II.    ANALYSIS

### A.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A) "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with some limitations. A motion for leave to file an amended complaint is a non-dispositive, pretrial matter for the purposes of this rule. See *Lester v. Wow Car Co.*, Ltd., 601 F. App'x 399, 400 (6th Cir. 2015) (indicating that a motion for leave to file an amended complaint was referred to a magistrate judge and objections were lodged under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). Within fourteen days of being served with the Order, any party may file specific objections. Fed. R. Civ. P. 72(a). "Vague, general or conclusory objections" are equivalent to "a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)) (internal quotations omitted).

If the magistrate judge's decision is found to be clearly erroneous or contrary to law, the district judge may reconsider the matter. 28 U.S.C. § 636(b)(1)(A). Specifically, factual findings are reviewed under the clearly-erroneous standard, while legal conclusions are reviewed under "the more lenient 'contrary to law' standard.'" *Gandee v.*

*Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). Under the contrary-to-law standard, the court will undertake independent and plenary review of the legal conclusions in the at-issue Order and will overturn any legal conclusions which "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp 202, 205 (N.D. Cal. 1983)).

**B.     Magistrate Judge Atkins's Order**

Magistrate Judge Atkins denied Plaintiff's Motion for Leave to Amend his Complaint on four grounds. (Doc. # 27). First, Judge Atkins found that there was not good cause for the amendment and subsequent modification of the case schedule. *Id.* at 3. Second, Judge Atkins found that the amendment at this point in the litigation would be prejudicial to the defendant. *Id.* at 4. Third, Judge Atkins determined that Bustetter's failure to act before the deadline set in the Scheduling Order was not due to excusable neglect. *Id.* at 5. Finally, the Magistrate Judge found that the amendment would be futile because no settlement agreement had been reached by the parties. *Id.*

**C.     Objections**

Bustetter specifically objected to each of Magistrate Judge Atkins's four findings—all of which are legal conclusions. (Doc. # 29). The Court will address each legal finding and related objection in turn and will, as required, reverse legal conclusions that are contrary to law. *See Gandee*, 785 F.Supp. at 686.

***1.     Motion for Leave to Amend Standard***

When a party moves for leave to amend pleadings, the Federal Rules of Civil Procedure generally require that it be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(3). There are limits, however, to this "liberal amendment policy." *Morse v.*

4

*McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). For example, "[d]enial may be appropriate . . . where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A stricter standard is applied if granting leave to amend also requires that the case schedule be modified. Fed. R. Civ. P. 16(b)(4). In such a situation, leave may only be granted "for good cause." *Id.* Additionally, "a movant seeking to file an untimely motion must also demonstrate excusable neglect."[2] *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018) (citing Fed. R. Civ. P. 6(b)(1)(B)). In adjudicating such a motion for leave to amend a complaint filed after the amendment deadline, the Court first looks to whether good cause exists, then whether the delay was excusable, and finally to whether other factors require the Court to deny the motion. *See id.* at 240-42.

   2.   *Good Cause*

Two factors are considered when a Court determines whether good cause exists for amending a complaint—(1) whether the original deadline could have been met with due diligence and (2) whether the nonmoving party will be prejudiced. *Ross v. Am. Red*

---

[2] There is some question as to whether Rule 6 of the Federal Rules of Civil Procedure also applies when a motion for leave to amend a complaint is sought after the deadline set in the scheduling order. "Although courts have not consistently applied Rule 6 when parties file motions after case schedule deadlines, no Sixth Circuit case has ever *held* that Rule 6(b) does not apply." *Century Indem. Co.*, 323 F.R.D. at 240 (citing *First Tech. Capital, Inc. v. BancTec, Inc.*, No. 5:15-cv-138, 2017 WL 2735516, at *4, n. 7 (E.D. Ky. June 26, 2017)). "[W]hether rule 6's 'excusable neglect' standard or Rule 16's 'good cause' standard applies when a party filed a motion after the scheduling order deadline—and which standard requires a higher showing—is a source of ambiguity." *Id.* Thus, out of an abundance of caution, this Court will consider the Motion under the standards of both Rule 16 and Rule 6, as Magistrate Judge Atkins did in his Order. (Doc. # 27 at 3).

5

*Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).

### a. Due Diligence

Plaintiffs may show good cause by demonstrating "that despite their diligence they could not have met the original deadline" set in the scheduling order. *Leary*, 349 F.3d at 907. The Sixth Circuit has often considered what a plaintiff knew at the time of the deadline in determining whether the original deadline could have been met. *See, e.g.*, *Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 368 (6th Cir. 2016) (upholding denial of leave to amend when the plaintiff knew the facts underlying the amendment prior to the deadline); *Ross*, 567 F. App'x at 306 ("A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline."); *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536-37 (6th Cir. 2008) (affirming the district court's denial of leave to amend when the plaintiff "had knowledge of all of these facts long before the pleading deadline").

Here, the alleged event giving rise to Plaintiff's proposed Amended Complaint did not occur until after the deadline for amendments set in the Scheduling Order. (Docs. # 11 and 17 at 6). Specifically, the Scheduling Order required any amendments to be filed by October 15, 2018, (Doc. # 11), while Plaintiff indicates that the alleged ERISA violation took place during settlement negotiations on November 14, 2018 and was confirmed on November 19, 2018. (Doc. # 17 at 6). Given the timing of the settlement discussions, no matter how diligent Plaintiff was, he could not have possibly met the original amendment

deadline.  Thus, the Court finds that the first element of the good-cause analysis weighs in favor of finding good cause for amendment.

### b. Prejudice

"To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'"  *Duggins*, 195 F.3d at 834 (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).  The Sixth Circuit has specifically held that allowing amendments to a complaint after the close of discovery imposes prejudice on the non-moving party.  *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018) (collecting cases).  "Where discovery is completed, the burden imposed on the defendant by allowing an amendment is greater, since the defendant likely will have begun trial preparation based on the issues aired in the discovery process."  *Holland v. Met. Life Ins. Co.*, 869 F.2d 149, at *2 (6th Cir. 1989) (per curium) (unpublished table decision).

In this case, discovery closed on October 31, 2018.  (Doc. # 11).  As the Motion to Amend was filed on November 20, 2018 (Doc. # 17), the Court must find that CEVA would suffer some prejudice if the Complaint was amended.  The Court also finds, however, that any prejudice to CEVA would be limited.  First, the reasoning that a defendant is prejudiced by post-discovery amendments because of trial preparation is not applicable here.  Dispositive motions had not yet been submitted and no trial date had been set at the time of the filing of the Motion to Amend.  (Docs. # 11 and 17).  In fact, the parties were in the middle of settlement discussions when the Plaintiff determined that an Amended Complaint was necessary.  (Doc. # 17 at 3).  Additionally, any discovery on the proposed claim would be limited.  Plaintiff's proposed claim arose out of, and is based

7

upon, one of CEVA's demands during settlement negotiations on November 14, 2018. *Id.* at 6. Thus, discovery would likely be very limited to merely the statements made during settlement discussions on November 14, 2018 and the communication in which CEVA confirmed the demand on November 19, 2018. *Id.* Accordingly, the Court finds that any prejudice to CEVA would be very limited; there is not a "significant showing of prejudice to the opponent." *Moore*, 790 F.2d at 562. This finding also weighs in favor of finding good cause for an amendment.

For these reasons, the Court finds that good cause for amendment exists and allowing an amendment would not be unduly prejudicial to CEVA. Accordingly, Bustetter's first two objections are **sustained**.

### 3. *Excusable Delay*

As the deadline for moving for an amended complaint has passed, (Doc. # 11), the Court may only allow such filing if it also finds that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is a 'somewhat elastic concept' that is 'at bottom an equitable one, taking account of all relevant circumstances.'" *Century Indem. Co.*, 323 F.R.D. at 241 (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Five factors are considered in determining whether there is excusable neglect: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. NcDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). The first, third, and fourth factors have already been considered in the good-cause analysis, and the Court finds that those findings weigh in favor of a finding

8

of excusable neglect. Further, the length of delay caused is as limited as possible, given the circumstances; Plaintiff filed his Motion one day after receiving confirmation of the at-issue demand made by CEVA. (Doc. # 17). Additionally, there is no indication that Bustetter acted in bad faith when filing this post-deadline Motion. Accordingly, the Court finds that Bustetter "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Thus, Bustetter's third objection is **sustained**. Nonetheless, as set forth *infra*, leave to amend will still be denied.

### 4. Futility

Even if good cause and excusable delay are both shown, a motion for leave to amend may still be denied if the amendment is futile, among other things. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993). In other words, the motion to amend may be denied if the amendment, in this case a new claim, would not survive a motion to dismiss. *Id.*; *see also Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010). The motion-to-dismiss standard requires the Court to consider whether the facts alleged, accepted as true, state a plausible claim for which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If a claim is not facially plausible, it will not survive a motion to dismiss. *Id.*

Accordingly, the Court must accept as true the allegation that after an agreement on material terms had been reached during settlement negotiations, the Defendant declared its refusal to settle unless the Plaintiff released "his claims and rights under the CEVA Welfare Benefit Plan and the CEVA 401(k) Plan." (Doc. # 17 at 2-3). The Court's analysis must also accept that such a release of claims could have financially benefited

9

CEVA in the future. (Doc. # 17-1 at 5-6). Bustetter claims that this demand by CEVA, a plan fiduciary, was prohibited self-dealing under ERISA. *Id.* The at-issue portion of ERISA prohibits a plan fiduciary, like CEVA, from "receive[ing] any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of a plan." 29 U.S.C. § 1106(b)(3). In other words, this provision, known as the anti-kickback provision, prevents a plan fiduciary from receiving a benefit "in connection with a transaction involving plan assets." *Nat. Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 80 (3rd Cir. 2012).

Even viewing the facts in the proposed amended complaint in the light most favorable to Bustetter as required, *McMillan v. Olive Garden Holdings, LLC*, No. 5:18-cv-189-DCR, 2018 WL 2326614, at *1 (E.D. Ky. May 22, 2018), he has failed to state a claim under ERISA upon which relief may be granted. A plain reading of ERISA suggests that the plan fiduciary must have *received* something in order for the at-issue portion of ERISA to have been breached. 29 U.S.C. § 1106(b)(3). Here, the facts do not indicate that CEVA has received anything as a result of its alleged self-dealing. While CEVA may have put forth a demand which, *if accepted*, may have led to CEVA receiving a benefit in violation of ERISA, Bustetter did not accede to the demand. Thus, CEVA did not and, ultimately will not, receive any type of benefit as a result of its demand; accordingly, even accepting all pled allegations as true, ERISA was not violated. *Iqbal*, 556 U.S. at 678. As the facts alleged do not state a plausible claim for relief, the proposed claim could be dismissed under Fed. R. Civ. P. 12(b)(6) and, thus, is futile. Accordingly, Plaintiff's fourth objection is **overruled**, and the Motion for Leave to Amend remains **denied**.

III.    **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)    Bustetter's Objections to the Magistrate Judge's Order denying his Motion for Leave to Amend his Complaint are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth herein;

(2)    The ultimate conclusions of the Magistrate Judge's Order denying Bustetter's Motion for Leave to Amend his Complaint, Bustetter's Motion to Stay, and CEVA's Motion to Stay are **AFFIRMED**; and

(3)    The parties **shall file dispositive motions** within **sixty (60) days** of the entry of this Order. Briefing of dispositive motions will proceed as set forth in Civil Local Rule 7.1(c).

This 25th day of April, 2019.

Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Ashland Civil\2018\18-58 Order re Mtn to Leave Objections.docx