UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 18-58-DLB-EBA

LEWIS BUSTETTER                PLAINTIFF

v.    **MEMORANDUM OPINION AND ORDER**

CEVA LOGISTICS U.S., INC.            DEFENDANT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon the parties' cross-Motions for Summary Judgment. (Docs. # 33 and 34). Plaintiff Lewis Bustetter alleges that Defendant CEVA Logistics U.S., Inc. failed to provide him with documents related to Bustetter's employee-benefit plans as required under the Employee Retirement Income Security Act ("ERISA"). (Doc. # 1). Both Motions are fully briefed and are now ripe for the Court's review. (Docs. # 35, 36, 37, and 38). For the reasons stated herein, Defendant's Motion for Summary Judgment (Doc. # 33) is **granted in part** and **denied in part**, and Plaintiff's Motion for Summary Judgment (Doc. # 34) is **granted in part** and **denied in part**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case is a cautionary tale to check and respond to your mail. Plaintiff Lewis Bustetter is a former employee of Defendant CEVA Logistics U.S., Inc. ("CEVA"). (Doc. # 33 at 2). During his employment, Bustetter "participated in the CEVA Welfare Benefit plan" sponsored by CEVA. *Id.*; *see also* (Doc. # 35 at 2) (not disputing Bustetter's statement that CEVA was the plan sponsor and administrator). In October 2014, Bustetter stopped working for CEVA and began receiving disability and life-insurance

1

benefits through CEVA-sponsored plans. (Doc. # 35 at 2). Standard Insurance Company ("Standard") was the fiduciary and insurer of the benefit plans. *Id.*

After twenty-seven months, Standard informed Bustetter that it was terminating his disability and life-insurance benefits due partially to an amendment to the long-term disability-benefits policy. (Doc. # 34 at 2). Bustetter challenged the termination in a separate case before this Court (the "Standard Litigation"). *Bustetter v. Standard Ins. Co.*, No. 0:18-cv-1-DLB-EBA (filed Jan. 3, 2018). To understand his benefits and rights and to support his position in the Standard Litigation, Bustetter sent letters to CEVA requesting information about his benefit plans. (Doc. # 1 at ¶ 10). Specifically, Bustetter requested:

> (1) Each plan document and summary plan description for each welfare and pension plans including but not limited to short and long-term disability, health, life, accident, and retirement. These documents should include current, as well as past, versions under which the participant accrued and/or became eligible for benefits.
>
> (2) Each applicable insurance policy, including certificates of coverage.
>
> (3) Each administrative manual (or similar document) detailing the standardized procedures for adjudicating claims and appeals. This request will apply to documents in the control and possession of any claims fiduciary.
>
> (4) All other documents under which the welfare and pension plans are administered and maintained.

*Id.* Bustetter alleges that CEVA, as a plan sponsor, must provide him with the requested information pursuant to ERISA. *Id.* at ¶ 24 (citing 29 U.S.C. § 1132(a)(1), (a)(3), (c)).

Bustetter sent his first letter to CEVA requesting ERISA plan information via certified mail on November 20, 2017. *Id.* at ¶ 11. CEVA received the letter on November 27, 2017 but never responded. (Doc. # 34 at 3). Over the course of the next six months,

Bustetter sent four more identical letters to CEVA. (Doc. # 1 at ¶¶ 12–19). On each occasion, CEVA received Bustetter's letter but never responded. (Doc. # 34 at 3). CEVA admits that Bustetter's five letters "were signed for by a person in the mail room at CEVA's corporate headquarters" but "were not routed to the appropriate department at CEVA for response." (Doc. # 33 at 3). CEVA does not provide any further explanation for its lack of response and claims that it has been unable to locate the letters "after a diligent search." *Id.*

On May 11, 2018—165 days after CEVA received Bustetter's first letter—Bustetter initiated this action. (Doc. # 1). In his Complaint, Bustetter alleges that CEVA "ignored [his] multiple requests and failed to provide the requested plan documents" in violation of 29 U.S.C. §§ 1132(a)(1), (a)(3), (c). *Id.* at ¶ 24. Bustetter asks the Court to award him all "legal or equitable relief to which he may be entitled," including statutory penalties for each day CEVA failed to respond and attorneys' fees and costs. *Id.* at ¶¶ 27–29.

On June 7, 2018, CEVA reached out to Bustetter through counsel, "inquire[d] as to what information [Bustetter] was requesting from CEVA," and asked for copies of the letters that Bustetter had originally sent. (Doc. # 33-1 at 1). Bustetter responded that he would not provide CEVA the requested information until CEVA answered the Complaint. *Id.* On June 29, 2018, after filing its answer, CEVA contacted Bustetter's counsel again and asked for copies of the letters. (Doc. # 34-1 at 28). CEVA said it was "pleased to provide whatever documents Mr. Bustetter requests to which he is entitled." *Id.* On July 2, 2018, Bustetter's attorney replied that he would only "respond to [] formal discovery requests from CEVA." *Id.* at 29. Bustetter claims that formal discovery requests were "necessary to avoid any potential issues that could arise over the production—should

3

motion practice be necessary—and to ensure adherence to the Federal Rules." (Doc. # 36 at 4). Accordingly, CEVA sent Bustetter Requests for Production on July 13, 2018. (Doc. # 34-1 at 432–37). Bustetter responded on August 13, 2018 and produced copies of the letters previously sent to CEVA. *Id.* at 438–40. On August 27, 2018, CEVA provided Bustetter with the plan information requested. (Doc. # 34 at 9–10). While Bustetter claims that CEVA did not fully comply with his requests for information because CEVA did not provide past versions of plan information and administrative materials, *id.* at 8, he has not made any additional discovery requests since receiving the plan information from CEVA. *See generally* (Doc. # 34).

On June 24, 2019, CEVA and Bustetter filed cross-Motions for Summary Judgment. (Docs. # 33 and 34). Both summary-judgment Motions address three main issues: standing, statutory penalties, and attorneys' fees and costs. *See generally* (Docs. # 33 and 34). First, CEVA claims that Bustetter lacks standing to bring this action because he has not proven that he is a participant in a CEVA-sponsored plan. (Doc. # 33 at 4–6). Conversely, Bustetter argues that he is a participant because he has a colorable claim to vested benefits. (Doc. # 34 at 9–11). Second, CEVA argues that even if the Court finds that Bustetter does have standing, Bustetter is still not entitled to statutory penalties. (Doc. # 33 at 6–7). In contrast, Bustetter asks for the maximum statutory penalties, which he claims is $94,490. (Doc. # 34 at 11–17). Third, the parties dispute whether Bustetter is entitled to attorneys' fees and costs. (Doc. # 33 at 8–9); (Doc. # 34 at 17–19). The Court will address each issue in turn.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party has the ultimate burden of proof. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once a party files a properly supported motion for summary judgment, by either affirmatively negating an essential element of the non-moving party's claim or establishing an affirmative defense, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 250. In adjudicating a summary-judgment motion, the judge must not weigh the evidence before the Court, but merely determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* Speculation is not enough to defeat summary judgment. *Bradley v. Wal-Mart Stores E., LP*, 587 F. App'x 863, 866 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

"[T]he standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." *U.S. S.E.C. v. Sierra Brokerage Servs.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). "[T]he court must evaluate each party's motion on its own merits, taking care to draw all reasonable inferences against the

party whose motion is under consideration." *Taft Broad. Co.*, 929 F.2d at 248 (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

**B.    Standing**

As an initial matter, CEVA's argument that Bustetter lacks standing is a mischaracterization of the law. Rather, CEVA's argument is properly characterized as "a question of whether" Bustetter has a cause of action. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016). Traditionally, courts reviewed the question of whether a plaintiff had standing through two inquiries: statutory and constitutional. *Id.* Statutory standing has since been clarified as "not a standing issue" but rather a question of whether the plaintiff "has a cause of action under the statute." *Id.* (quoting *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2nd Cir. 2016)); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014).

Here, CEVA's "standing" argument is based on the statutory language of ERISA. (Doc. # 33 at 4–6). Thus, CEVA's standing argument is really an argument that Bustetter does not have "a cause of action under [29 U.S.C. § 1132(c)]" rather than a constitutional standing issue. *See Soehnlen*, 844 F.3d at 581 (quoting *Am. Psychiatric Ass'n, Inc.*, 821 F.3d at 359). Specifically, CEVA claims Bustetter does not have a cause of action because he is not a participant in or beneficiary of an CEVA-sponsored benefit plan. (Doc. # 33 at 4–6). Bustetter has the burden to prove that he has a cause of action. *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005); *Soehnlen*, 844 F.3d at 581. The Court finds that Bustetter has met his burden and proven beyond dispute that he has a cause of action.

The relevant portion of the ERISA statute, 29 U.S.C. § 1132(c), reads in pertinent part:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish *to a participant or beneficiary*[1] . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal.

29 U.S.C. § 1132(c) (emphasis added). A participant is not merely "anyone who claims to be one." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989)). Rather, a "participant" is:

> Any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

*Id.* § 1002(7). The Supreme Court has interpreted this definition to include "employees in, or reasonably expected to be in, currently covered employment or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits."[2] *Firestone Tire*, 489 U.S. at 117–18 (internal citations and quotations omitted). CEVA and Bustetter appear to agree that Bustetter is neither a current employee nor a former employee with a reasonable expectation of returning to

---

[1] A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* at § 1002(8). Neither party claims that Bustetter is a beneficiary. *See* (Doc. # 33 at 4–5); (Doc. # 36 at 7–9).

[2] Under Sixth Circuit law, it is unclear when a potential participant's eligibility to benefits is determined. *Compare Jordan v. Tyson Foods, Inc.*, 312 F. App'x 726, 732 (6th Cir. 2008) ("[T]he dispute centers on whether [plaintiff] was a participant . . . when he requested the documents at issue . . . ."), *with Morrison v. Marsh & McLennan Co.*, 439 F.3d 295, 304 (6th Cir. 2006) ("[E]ligibility is determined at the time that the lawsuit is filed."). Because the Court finds that Bustetter was a participant both when he requested the documents from CEVA and when he filed this action, *see infra*, the Court need not address this dispute.

covered employment. *See* (Doc. # 33 at 6); (Doc. # 34 at 9–11). Instead, the central question is whether Plaintiff is a former employee with a colorable claim to vested benefits. *See* (Doc. # 33 at 6); (Doc. # 34 at 9–11).

Former employees have a colorable claim to vested benefits if they have a reasonable claim of either "prevail[ing] in a suit for benefits" or "fulfill[ing] eligibility requirements in the future." *Morrison*, 439 F.3d at 303–04 (citing *Firestone Tire*, 489 U.S. at 117). A colorable claim "must have some basis in [an ERISA plan] itself." *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 953 (6th Cir. 1990). A claim, however, may be colorable even if it is ultimately unsuccessful. *See Zirnhelt v. Michigan Consol. Gas Co.*, 526 F.3d 282, 290 (6th Cir. 2008) ("Even though [plaintiff's] claim for benefits failed in the end, she still had a 'colorable' claim.").

Here, the parties agree that Bustetter is a former employee of CEVA but disagree on whether Bustetter has a colorable claim to vested benefits. *See* (Doc. # 33 at 6); (Doc. # 34 at 10). CEVA argues that Bustetter "does not allege that he had any colorable claim for benefits under the Plan [when he initiated this lawsuit] or assert any facts to suggest that he had a colorable claim at that time." (Doc. # 33 at 6). In response, Bustetter points to the Standard Litigation as evidence that he has a colorable claim to vested benefits. (Doc. # 34 at 10). Bustetter is correct.

This Court's recent Memorandum Opinion and Order in the Standard Litigation removes any doubt of whether Bustetter had a reasonable claim of prevailing in a suit for benefits. *Bustetter v. Standard Ins. Co.*, No. 0:18-cv-1-DLB-EBA, 2019 WL 4645568 (E.D. Ky. Sept. 24, 2019). There, the Court found that "Standard acted arbitrarily in denying Bustetter's claim for . . . benefits." *Id.* at *7. While the Court did not find that

Bustetter was "clearly entitled" to benefits, the Court held that because Standard acted arbitrarily and capriciously, the case should be remanded for a "full and fair inquiry." *Id.* at *8 (quoting *Elliot v. Metro. Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006)). Thus, at a minimum Bustetter had, and continues to have, a "reasonable claim" that he may "prevail in a suit for benefits." *Morrison*, 439 F.3d 295.

Additionally, the Standard Litigation complaint, which CEVA attached to its Motion to Stay in this case, is further evidence that Bustetter has a colorable claim to vested benefits. *See generally* (Doc. # 22-2). In that case, Bustetter claimed that he continues to qualify for benefits under CEVA-sponsored plans and detailed how Standard unlawfully terminated his benefits based on the recommendation of biased medical reviewers and flawed medical evidence. *Id.* at 2. Drawing all reasonable inferences in favor of Bustetter, a finder of fact in this case may conclude that the Standard Litigation complaint supports a finding that Bustetter has a reasonable claim of prevailing in a suit for benefits. Accordingly, Bustetter had a colorable claim to vested benefits and is a participant capable of suing a plan administrator under 29 U.S.C. § 1132(c). Thus, CEVA's argument that Bustetter lacks standing is misguided.[3]

### C. Statutory Penalties

Having established that Bustetter has a cause of action, the Court turns to whether Bustetter is entitled to a receive a statutory penalty from CEVA under 29 U.S.C. § 1132(c)

---

[3] Furthermore, CEVA effectively conceded in its Motion to Stay (Doc. # 22) that a finding that Bustetter had a claim in the Standard Litigation would mean that Bustetter also has a cause of action against CEVA. (Doc. # 22) ("[T]he outcome of the Standard Litigation will determine whether Plaintiff has standing to assert his claim in this litigation."). Because the Court's holding in the Standard Litigation shows that Bustetter has a colorable claim to benefits under a CEVA-sponsored plan, *see supra*, by CEVA's own admission Bustetter has a cause of action in this matter.

for failing to timely provide the requested documents. Perhaps predictably, CEVA argues that the Court should not impose a penalty, (Doc. # 33 at 9), and Bustetter argues for the maximum penalty, which he claims is $94,490. (Doc. # 34 at 17). Under the facts set forth herein, the Court finds that a moderate penalty is appropriate.

The purpose of 29 U.S.C. § 1132(c) is "to induce administrators to timely provide participants with requested plan documents, and to penalize failures to do so." *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1068 (6th Cir. 1994). Thus, a court "may, but not must, impose penalties for an employer's failure to disclose" plan information within 30 days of receiving a request from a participant. *Zirnhelt*, 526 F.3d at 290. The maximum penalty is $110 a day per violation. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1 (increasing the penalty per day from $100 to $110). Courts consider a wide range of factors when deciding whether to impose a penalty, including whether the plan administrator acted in bad faith and whether the plan participant was prejudiced, although findings of bad faith and prejudice are not necessary to impose a penalty. *See, e.g.*, *McGrath v. Lockheed Martin Corp.*, 48 F. App'x 543, 557 (6th Cir. 2002) ("Even negligence in responding to a retirement plan participant's request for plan documents constitutes breach of an ERISA fiduciary duty."); *Bartling*, 29 F.3d at 1067. However, "[m]any courts have refused to impose any penalty at all under § 1132(c)(1)(B) in the absence of a showing of prejudice or bad faith." *Bartling*, 29 F.3d at 1067–68 (collecting cases).

Here, despite Bustetter's insistence otherwise, CEVA did not act in bad faith. Bad faith requires some degree of dishonesty, either in motive or conduct. *See generally Bad Faith*, BLACK'S LAW DICTIONARY (11th ed. 2019). The record does not support a finding that CEVA acted dishonestly or with a dishonest motive. Rather, CEVA admits that its

failure to respond was due to negligence; whoever signed for Bustetter's letters in the CEVA mailroom did not deliver them to the proper department. (Doc. # 33 at 3). Once Bustetter initiated this action and CEVA learned of Bustetter's requests, CEVA promptly and repeatedly reached out to Bustetter in an attempt to provide him with the plan information he requested. *Id.* at 3–4. CEVA did not, as Bustetter claims, "ignore five separate requests for documents without providing justification." (Doc. # 34 at 13). Because CEVA's failure to respond was due to neglect rather than intentional misconduct, the Court finds that CEVA did not act in bad faith.

Additionally, CEVA's inaction did not prejudice Bustetter. Bustetter argues that he was prejudiced because "CEVA's actions delayed [his] efforts to obtain his disability benefits and unnecessarily increased the resources he expended." (Doc. # 34 at 17). Bustetter gives five specific examples of how he was prejudiced: (1) he had to expend resources litigating this action; (2) he did not fully understand his rights prior to filing the Standard Litigation; (3) he had to expend resources seeking plan documents from Standard in discovery; (4) the Standard Litigation was delayed because he had to litigate his discovery requests; and (5) he did not have all the documents at the earlier stages of the Standard Litigation to address which standard of review applied to his claims. *Id.* at 16. Bustetter's argument is misguided.

While CEVA's inaction did prevent Bustetter from timely obtaining his plan information, it is unclear the degree to which Bustetter was actually prejudiced by CEVA's inaction. This Court in the Standard Litigation held that its decision would be based solely on the administrative record, (Doc. # 35-2), and found that Bustetter's discovery requests for plan documents were irrelevant, *Bustetter v. Standard Ins. Co.*, No. 0:18-cv-1-DLB-

EBA, ECF No. 34 at 10 (E.D. Ky. Oct. 23, 2018). Thus, even if CEVA had timely sent Bustetter his requested plan information, Bustetter likely could not have used the documents in the Standard Litigation. Accordingly, Bustetter has not demonstrated that CEVA's delay in providing him plan documents prejudiced him in the Standard Litigation.

Additionally, if Bustetter was so concerned about obtaining the plan information from CEVA for use in the Standard Litigation, Bustetter could have filed this action prior to suing Standard. CEVA received Bustetter's first letter requesting plan information on November 27, 2017. (Doc. # 1 at ¶ 11). Under 29 U.S.C § 1132(c), Bustetter could have sued CEVA for its failure to respond on December 28, 2017, the day after CEVA's thirty-day window to respond expired. Thus, Bustetter could have filed this action and possibly received the plan information before he initiated the Standard Litigation on January 3, 2018. (Doc. # 34-1 at 463–66). Instead, Bustetter waited another 134 days and sent CEVA four more letters before commencing this action on May 11, 2018. (Doc. # 1). While Bustetter's choice to wait was lawful, his choice appears inconsistent with his concern that not having the documents from CEVA would prejudice him in the Standard Litigation. Bustetter could have greatly mitigated any potential prejudice he may have faced by filing this action after CEVA failed to respond to his first letter and before initiating the Standard Litigation.

Moreover, Bustetter has also not acted with the urgency of a party eager to obtain the plan information from CEVA throughout this litigation. Bustetter admits that CEVA contacted Bustetter on June 7, 2018 and asked for copies of the letters he sent. (Doc. # 36 at 2–3). Bustetter told CEVA that he would not provide CEVA with information until CEVA filed an Answer. *Id.* After CEVA answered, CEVA's counsel again asked

Bustetter for copies of the letters and said that "CEVA is pleased to provide whatever documents Mr. Bustetter requests to which he is entitled." (Doc. # 33-4). Rather than provide CEVA with copies of the letters to expedite receiving his plan information, Bustetter replied that he would only "respond to any formal discovery requests from CEVA." (Doc. # 34-1 at 29). Bustetter then waited thirty days—the maximum time allowed under FED. R. CIV. P. 34(b)(2)(A)—to respond to CEVA's subsequent Requests for Production. *Id.* at 432–40. While Bustetter has acted within the parameters of the law, he has not acted like a party who is worried that he would be prejudiced by CEVA's delay. In a situation like this where the statutory penalty is calculated per diem, the Court is skeptical of Bustetter's claim of prejudice when Bustetter could have expedited the process but instead pursued more time-consuming options. Accordingly, the Court finds that Bustetter was not prejudiced by CEVA's inaction.

Nevertheless, some amount of penalty is necessary to "induce administrators [like CEVA] to timely provide participants with requested plan documents, and to penalize failures to do so." *Bartling*, 29 F.3d at 1068. Considering, *inter alia*, CEVA's negligence, Bustetter's actions, the length of delay, and CEVA's willingness to cooperate once it learned of Bustetter's requests, the Court concludes that a $25 per day penalty will achieve the purposes of 29 U.S.C. § 1132(c). *See Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir. 1988) (affirming a penalty of $25 per day where the defendant's failure resulted from neglect or misfeasance and "the record cast[] doubt on any claim of prejudice"); *see also Kanoski v. Sterling Paper Co.,* No. 2:09-CV-0439, 2014 WL 1384159, at *6 (S.D. Ohio Apr. 9, 2014) (collecting cases from sister courts and the 6th Circuit awarding penalties ranging from $25 to $60 per day in similar factual scenarios).

Bustetter is entitled to penalties beginning December 28, 2017, which is thirty-one days after CEVA received Bustetter's first request for plan information. *See* (Doc. # 34-1 at 6). CEVA provided Bustetter the requested plan information on August 27, 2018.[4] *Id.* at 30–31. Thus, CEVA is subject to a $25 per diem penalty for 242 days[5] for a total amount of $6,050.[6]

D.   **Attorneys' Fees and Costs**

Finally, Bustetter asks for attorneys' fees and costs or, alternatively, an opportunity to file a separate motion to "address[] in greater detail the requisite factors and provide[] the necessary documentation." (Doc. # 34 at 17–19). CEVA opposes Bustetter's request.[7] (Doc. # 33 at 8–9). The Court finds that further briefing on the issue is unnecessary; Bustetter is not entitled to attorneys' fees.

---

[4]   Bustetter maintains that the documents CEVA provided on August 27, 2018 did not "fully respond to [his] requests" because CEVA did not include past versions of the plan documents and administrative manuals for operating the plans. (Doc. # 34 at 10). In his Motion for Summary Judgment, however, Bustetter uses August 27, 2018 as the cut-off date to calculate penalties, and he has not filed any further discovery requests since August 27, 2018. *Id.* As such, the Court will limit its penalty calculations to the time before August 27, 2018.

[5]   Bustetter claims that CEVA is subject to penalty for a maximum of 243 days. (Doc. # 34 at 8). Based on a plain reading of 29 U.S.C. § 1132(c), however, the Court will not count August 27, 2018, which is the day that CEVA complied. *See id.*

[6]   Bustetter asks the Court to "stack" penalties and award penalties based on each of the five letters he sent to CEVA. While the parties strongly dispute this issue, neither side cited binding precedent supporting their position. (Doc. # 33 at 6–7); (Doc. # 34 at 11–12). Without deciding whether stacking may be appropriate in some cases, the Court, in its discretion, declines to award penalties for each identical request made in this case. *See Bartling*, 29 F.3d at 1069 ("[T]he result is no different than if the court had exercised its discretion to award $323 per plaintiff, or $1.28 per plaintiff/per document/per day, rather than $100 per document/per day to be split between all the plaintiffs."); *see also Mondry v. Am. Family Mut. Ins. Co.*, 497 F. App'x 603, 610–11 (7th Cir. 2012) (finding that the district court was within its discretion to not stack penalties where the defendant did not act in bad faith and the plaintiff was not prejudiced).

[7]   CEVA did not ask for attorneys' fees or costs for itself. *See* (Doc. # 33 at 8–9).

In an action by a plan participant, the Court "*may* allow a reasonable attorney's fee and costs action to either party." 29 U.S.C. § 1132(g)(1) (emphasis added); *accord First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005). Section 1132 "confers broad discretion on [the Court] in making an award of attorney's fees in an ERISA action." *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). Furthermore, there is no "presumption that attorney[] fees should ordinarily be awarded to the prevailing plaintiff." *Shelby Cty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 376–77 (6th Cir. 2009) (alteration in original) (quoting *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005)). Rather, the Sixth Circuit has established five factors the Court must consider in determining an award of fees under ERISA:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985); *accord Moon v. UNUM Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006).[8] "Because no single factor is determinative, the court must consider each factor before exercising its discretion." *Schwartz*, 160 F.3d at 1119. These factors are not statutory, however, and are not

---

[8] Instead of applying these five factors, CEVA argues that the Court should consider two factors: (1) Bustetter's "conduct in refusing to respond to counsel for CEVA's repeated requests to set forth what documents he was seeking"; and (2) "his actions in hindering the settlement of this action." (Doc. # 33 at 8–9) (citing multiple out-of-circuit opinions). Since CEVA did not cite any binding precedent to suggest that the Court should consider settlement negotiations, the Court declines to do so. The Court will consider Bustetter's conduct to the extent that it is relevant to the factors articulated by the Sixth Circuit.

dispositive. *First Trust Corp*. 410 F.3d at 851. "Rather, they are simply considerations representing a flexible approach." *Id.* The Court will evaluate each in turn.

The first factor concerns the degree of the opposing party's culpability or bad faith. Because CEVA did not act in bad faith, *see supra*, this factor weighs against awarding Bustetter attorneys' fees. The second factor, however, favors awarding Bustetter attorneys' fees because CEVA, as a large corporation, likely has the ability to satisfy an award of fees and costs. *See* (Doc. # 34 at 18).

The third factor—the deterrent effect of a fee award on other plan administrators—weighs against Bustetter. "Deterrence 'is likely to have more significance in a case where the defendant is highly culpable' or where 'deliberate misconduct is in the offing.'" *Geiger*, 549 F. App'x at 339 (quoting *Foltice*, 98 F.3d at 937). Since the Court has already found that CEVA was merely negligently rather than highly culpable, *see supra*, it follows that awarding attorneys' fees and costs in this case would not have a deterrent effect. Furthermore, the statutory penalty here will provide sufficient deterrence.

The fourth factor—whether the party requesting fees sought to confer a common benefit on all participants—likewise weighs against awarding Bustetter fees. To prevail on this factor, Bustetter must show that by bringing the lawsuit, (1) he "[sought] to obtain a common benefit for all of the participants in [CEVA's] plan" and (2) that other participants in the plan were similarly situated. *See Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 533 (6th Cir. 2008). Bustetter has not made such a showing. Additionally, it is unlikely that awarding attorneys' fee would, as Bustetter claims, entice CEVA to take requests for plan information from other participants more seriously because CEVA acted negligently, not

intentionally. (Doc. # 34 at 21). Therefore, this factor counsels against awarding Bustetter attorneys' fees and costs.

The fifth and final factor concerns the relative merits of the parties' positions. Undoubtedly, CEVA is at fault for negligently failing to respond to Bustetter's requests for plan information. Bustetter himself, however, is not entirely blameless. Bustetter repeatedly refused to cooperate with CEVA's informal attempts to provide Bustetter with the plan documents he sought, increasing the number of days it took CEVA to provide Bustetter with the plan information and thereby increasing the amount of any potential penalty. In such a situation, the merits weigh only moderately in Bustetter's favor.

In conclusion, three out of the five factors weigh against awarding Bustetter attorneys' fees and costs. On balance, the two factors favoring Bustetter—CEVA's ability to pay and the relative merits of each parties' position—are not enough to warrant attorneys' fees. Accordingly, Bustetter's request for attorneys' fees and costs is **denied**.

## III. CONCLUSION

For the reasons state herein, **IT IS ORDERED** that:

(1) Defendant CEVA Logistics U.S., Inc.'s Motion for Summary Judgment (Doc. # 33) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Plaintiff Lewis Bustetter's Motion for Summary Judgment (Doc. # 34) is **GRANTED IN PART** and **DENIED IN PART**;

(3) Plaintiff is awarded statutory penalties in the amount of $6,050.00;

(4) This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5) A corresponding Judgment will be issued contemporaneously herewith.

This 10th day of December, 2019.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Ashland Civil\2018\18-58 MOO re MSJs.docx